**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODNEY BROOKS,<br><br>         Petitioner,<br><br>    v.<br><br>M. MACOMBER, Warden, et al.,<br><br>         Respondents. | Case No. 1:14-cv-00858-LJO-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 12)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the Respondent's motion to dismiss the petition, which was filed on August 11, 2014.  Petitioner filed opposition on October 9, 2014, and Respondent filed a reply on October 17, 2014.

   I.   Proceeding by a Motion to Dismiss

Because the petition was filed after April 24, 1996, the

1

effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the applicant is not entitled thereto. 28 U.S.C. § 2243. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) permits the filing of "an answer, motion, or other response," and thus it authorizes the filing of a motion in lieu of an answer in response to a petition. Rule 4, Advisory Committee Notes, 1976 Adoption and 2004 Amendments. This gives the Court the flexibility and discretion initially to forego an answer in the interest of screening out frivolous applications and eliminating the burden that would be placed on a respondent by ordering an unnecessary answer. Advisory Committee Notes, 1976 Adoption. Rule 4 confers upon the Court broad discretion to take "other action the judge may order," including authorizing a respondent to make a motion to dismiss based upon information furnished by respondent, which may show that a petitioner's claims suffer a procedural or jurisdictional infirmity, such as res judicata, failure to exhaust state remedies, or absence of custody. Id.

The Supreme Court has characterized as erroneous the view that a Rule 12(b)(6) motion is appropriate in a habeas corpus proceeding. See, Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978); but see Lonchar v. Thomas, 517 U.S. 314, 325-26 (1996). However, in light of the broad language of Habeas Rule 4,

it has been held in this circuit that motions to dismiss are appropriate in cases that proceed pursuant to 28 U.S.C. § 2254 and present issues of failure to state a colorable claim under federal law, O'Bremski v. Maass, 915 F.2d 418, 420-21 (9th Cir. 1990); procedural default in state court, White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); and failure to exhaust state court remedies, Hillery v. Pulley, 533 F.Supp. 1189, 1194 n.12 (E.D.Cal. 1982).

Analogously, a motion to dismiss a petition for failure to allege facts entitling a petitioner to relief in a proceeding pursuant to 2254, such as Respondent's motion in the instant case, is appropriate because a federal court is a court of limited jurisdiction with a continuing duty to determine its own subject matter jurisdiction and to dismiss an action where it appears that the Court lacks jurisdiction.  Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)); Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989).

Accordingly, the Court will consider Respondent's motion pursuant to Habeas Rule 4.

II.   Background

In the petition filed on June 2, 2014, Petitioner alleges that he suffered a denial of due process of law resulting from the failure of the California Department of Corrections and Rehabilitation (CDCR) to permit Petitioner to call witnesses at a prison disciplinary hearing held in 2012 at which Petitioner was found guilty of willfully delaying an officer in the performance of duty by depositing feces in a study cell.  Petitioner was sanctioned with a loss of ninety (90) days of custody credit in addition to

loss of privileges. (Pet., doc. 1 at 6, 13-26.)

Petitioner is serving an indeterminate sentence of eighteen years to life[1] for second degree murder imposed in 1992 in the Superior Court of the State of California, County of San Diego. (Mot., exh. 1, doc. 12-1, 1-6.) Petitioner reached his minimum eligible parole date (MEPD) on May 21, 2003. (Mot., exh. 5, doc. 12-5, 56-50.) In 2012, California's Board of Parole Hearings (BPH) found that Petitioner was not suitable for parole and denied Petitioner parole consideration for seven years. (Id. at 56.)

### III. Likelihood of Effect on Duration of Confinement

Respondent moves to dismiss the petition on the ground that the petition does not implicate the legality or duration of Petitioner's confinement, and thus Petitioner has not stated facts that would entitle him to relief in a proceeding pursuant to 28 U.S.C. § 2254. Respondent argues that because Petitioner is serving an indeterminate life term and has passed his MEPD, any effect of the credit loss on the duration of his confinement is too speculative to warrant proceeding pursuant to 28 U.S.C. § 2254. Petitioner is not challenging the very fact or duration of his physical imprisonment or seeking an immediate or speedier release; thus, his claim lies without the core of this Court's habeas jurisdiction. See Nelson v. Campbell, 541 U.S. 637, 643-46 (2004).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in

---

[1] Petitioner has also been sentenced to serve determinate sentences totaling six years and eight months for weapons offenses committed in prison in 2002 and 2008. (Mot., exh. 1, doc. 12-1, 1-4.) However, those sentences were ordered to run consecutively to his indeterminate term, and under state law the determinate terms will commence when Petitioner is found suitable for parole and is discharged from the previous sentence. See In re Tate, 135 Cal.App.4th 756, 765 (2006).

4

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

With respect to Petitioner's claim that he suffered a denial of due process in a prison disciplinary proceeding that resulted in a loss of conduct credits, it is established that a constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is generally a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2254. See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings). The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement to immediate or speedier release. Preiser v. Rodriguez, 411 U.S. at 500. Thus, such claims are within the core of habeas

5

corpus jurisdiction.

The Supreme Court's decisions concerning any boundaries between habeas jurisdiction and jurisdiction under 42 U.S.C. § 1983 have arisen in cases involving § 1983 proceedings, where it is established that, regardless of the precise relief sought, an action pursuant to § 1983 concerning prison administrative processes is barred if success in the action would necessarily demonstrate the invalidity of the confinement or its duration, or necessarily imply the invalidity of a conviction or sentence. Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 1247-48 (2005) (parole processes). However, the limits on habeas jurisdiction, or the appropriate extent of any overlap between habeas and § 1983, have not been definitively addressed by the Supreme Court. The Supreme Court has adverted to the possibility of habeas as a potential alternative remedy to an action under § 1983 for unspecified additional and unconstitutional restraints during lawful custody. Preiser, 411 U.S. at 499-500. Nevertheless, the Court has declined to address whether a writ of habeas corpus may be used to challenge conditions of confinement as distinct from the fact or length of confinement itself. See Bell v. Wolfish, 441 U.S. 520, 527 n.6, 99 S.Ct. 1861, 1868 (1979). However, it appears that the Court continues to recognize a "core" of habeas corpus that refers to suits where success would inevitably affect the legality or duration of confinement. For example, in Wilkinson, the Court noted that if success on a claim would mean at most a new opportunity for review of parole eligibility, or a new parole hearing at which authorities could discretionarily decline to shorten a prison term, then success would not inevitably lead to release, and the suit would not lie at

6

the core of habeas corpus.  Wilkinson, 544 U.S. at 82.

Cases in this circuit have recognized a possibility of habeas jurisdiction in suits that do not fall within the core of habeas corpus.  Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989) (where the petitioner sought expungement of a disciplinary finding that was likely to accelerate eligibility for parole); Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) (where the petitioner sought only equitable relief regarding the constitutionality of the frequency of parole reviews, a claim sufficiently related to the duration of confinement).  However, relief pursuant to § 1983 remains an appropriate remedy for claims concerning administrative decisions made in prison where success would not necessarily imply the invalidity of continuing confinement.  Docken v. Chase, 393 F.3d at 1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997) as holding that a § 1983 suit is an appropriate remedy for challenges to conditions [there, administrative placement in a sex offender program affecting eligibility for parole] which do not necessarily imply the invalidity of continuing confinement); see Ramirez v. Galaza, 334 F.3d 850, 852, 858 (9th Cir. 2003).

Here, Petitioner is serving an indeterminate life sentence.  There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.  Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104 (1979).  Under state law, Petitioner will complete his indeterminate sentence when the BPH determines that Petitioner is suitable for parole.  Cal. Pen. Code § 3041; Cal. Code Regs., tit. 15, § 2402.  The decision to set a parole release date is entrusted to the discretion of the BPH,

which is to consider whether in light of the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offenses, consideration of the public safety requires a more lengthy period of incarceration before a parole date is set. Cal. Pen. Code §§ 3041, 3041.5.

Because Petitioner had passed his MEPD when he suffered the sanction of loss of custody credits, any relationship between the credit loss and the ultimate duration of Petitioner's confinement is merely speculative. Under California law, a gain or loss of custody credits can affect the setting of an indeterminately sentenced inmate's MEPD. See Cal. Code Regs., tit. 15, § 2400. However, once an inmate's MEPD passes and the inmate begins receiving parole consideration hearings, assessing a credit loss does not affect the inmate's sentence; conduct credits are not awarded unless and until the BPH grants parole. Cal. Penal Code § 3041; Cal. Code. Regs., tit. 15, §§ 2400, 2403, 2410, 2411; see Wilder v. Dickinson, no. CV 08-1698-VBF (PLA), 2011 WL 1131491, at *6 (C.D.Cal. Feb. 10, 2011) (unpublished); Garnica v. Hartley, no. 1:10-CV-01279 GSA HC, 2010 WL 3069309, at *2 (E.D.Cal. Aug. 4, 2010) (unpublished); Alley v. Carey, no. 09-15328, 2010 WL 4386827, at **1 (9th Cir. Nov. 5, 2010) (unpublished). Here, because Petitioner had already begun receiving parole consideration hearings before the challenged forfeiture of credit, any restoration of the credit would not affect the scheduling of his next parole consideration hearing or his release on parole.

The fact that the BPH may consider Petitioner's disciplinary violation at a future parole hearing does not create a sufficient nexus to the length of imprisonment or a sufficient likelihood of

affecting the overall length of Petitioner's confinement.  As in Ramirez v. Galaza, 334 F.3d 850, 859, expungement of the disciplinary finding would not necessarily shorten the overall sentence.  Indeed, it is not shown that it would be likely to accelerate parole eligibility; rather, success would mean only an opportunity to seek parole from a board that could deny parole on a multitude of other grounds already available to it.  It is entirely speculative that a future parole suitability decision would hinge on the single disciplinary offense presently before the Court because the suitability decision is entrusted to the discretion of the BPH to consider how all parole suitability factors operate together to demonstrate a presence or absence of current dangerousness to the public.  See In re Lawrence, 44 Cal.4th 1181, 1212 (2008); Cal. Code Regs., tit. 15, § 2400 (providing that all available relevant, reliable information shall be considered in determining suitability for parole, including the prisoner's social history; past and present mental state; criminal history, including the base and other commitment offenses, and behavior before, during, and after the crime; past and present attitude toward the crime; any conditions of treatment or control; and any other information which bears on the prisoner's suitability for release).  The parole suitability decision depends on "an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based on their experience with the difficult task of evaluating the advisability of parole release." Greenholtz v. Inmates of Nebraska Corr. & Penal Complex, 442 U.S. at 9-10.

Petitioner does not show an expectation of release that could form the basis of a liberty interest.  A liberty interest arises

9

under state law when an inmate is subjected to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995). The mere possibility, however, of a denial of parole at some later, yet undetermined, time, where one of the considerations for parole is a potentially improper disciplinary finding, does not amount to the denial of a liberty interest. In Sandin, the Supreme Court concluded that a possible loss of credits due to a disciplinary conviction was insufficient to give rise to a liberty interest where nothing in the state's statutes required the parole authority to deny parole because of a misconduct record or to grant parole in its absence, even though misconduct was by regulation a "relevant consideration." Sandin, 515 U.S. at 487. The Court noted that "[t]he decision to release a prisoner rests on a myriad of considerations," and an inmate is generally "afforded procedural protection at this parole hearing in order to explain the circumstances behind his misconduct record." Id. at 487. The Court held that "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." Id. After Sandin, in order to demonstrate a liberty interest, an inmate must show a disciplinary conviction will inevitably lengthen the duration of the inmate's incarceration. Id. Petitioner has not shown that there is a due process interest at issue that would provide a basis for this Court to assert its habeas jurisdiction.

Petitioner has not alleged or documented specific facts that would demonstrate or even suggest the existence of a nexus between

10

the credit forfeiture and the length of his imprisonment such that a sufficient likelihood exists of its affecting the overall length of confinement. See Docken, 393 F.3d at 1030-31. Petitioner has not shown that even if he were entitled to relief on the merits of his claim concerning due process violations in the disciplinary proceedings, relief would have any effect on the legality or duration of his confinement. Cf. Montue v. Stainer, no. 1:14-cv-01009-LJO-JLT-HC, 2014 WL 6901853, at *9-*11 (E.D.Cal. Dec. 5, 2014) (unpublished); Garcia v. Neotti, no. 11-cv-1639-WQH-KSC, 2012 WL 3986278, at *3 (S.D.Cal. July 27, 2012), adopted in Garcia v. Neotti, 2012 WL 3986229, at *2 (S.D.Cal. Sept. 11, 2012) (unpublished). Any conceivable effect on the duration of Petitioner's confinement is speculative at best.

In his opposition, Petitioner cites state enactments[2] and a settlement agreement in a state court proceeding[3] that appear to extend to Petitioner, who was a juvenile when he committed murder, an opportunity to have a base term set and/or a parole suitability hearing where the discretionary parole authority is to consider the relatively diminished culpability of a minor offender. However, as

---

[2] Petitioner refers to portions of Cal. Pen. Code §§ 3041, 3046, 3048, and 3051, which provide that some life inmates who committed their offenses before they were eighteen years old will receive parole consideration hearings where the BPH will give "great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with state law." Cal.Pen.Code §§ 3051, 4081.

[3] Petitioner submits a copy of an order and stipulation regarding a settlement agreement filed December 16, 2013, in In re Roy Butler, nos. A139411 & A 137273, pending in the Court of Appeal of the State of California, First Appellate District, Division 2, which appears to indicate that instead of waiting until an inmate is found suitable for parole, the BPH will begin setting base terms or adjusted base terms for life inmates at the initial parole consideration hearing or the next parole hearing at which parole is denied. (Doc. 16, 4-12.)

Respondent notes, the opportunity for a suitability hearing, even with a direction to consider relative culpability, does not circumscribe the broad discretion otherwise entrusted to the BPH to determine when a prisoner will actually be released on parole.

In summary, the Court concludes that Petitioner's claim or claims relate only to the conditions of confinement and do not lie at the core of habeas corpus jurisdiction. Petitioner has not stated facts that would entitle him to relief in a proceeding pursuant to 28 U.S.C. 2254. Thus, it will be recommended that the petition be dismissed.

Further, because the defects in Petitioner's claims result not from a dearth of factual allegations, but rather from state law that renders any effect on the duration of confinement remote and speculative, Petitioner could not state a tenable claim for relief even if leave to amend were granted.

Accordingly, it will be recommended that the petition be dismissed without leave to amend.

IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.

§ 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

V. Recommendations

In accordance with the foregoing analysis, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition be GRANTED; and
2) The petition be DISMISSED without leave to amend for failure

to state a cognizable claim; and

    3) The Court DECLINE to issue a certificate of appealability; and  4) The Clerk be DIRECTED to close the case.

    These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may "waive their right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 4, 2015**         /s/ *Barbara A. McAuliffe*  
                                                 UNITED STATES MAGISTRATE JUDGE